John F. Motz, Administrator, Appellant, v. M. M. Sheets and W. A. Sheets.

Fraudulent conveyances: BURDEN OF PROOF: EVIDENCE. A conveyance and transfer of property will not be set aside as fraudulent, where the purchaser paid practically full value and did not participate in the fraudulent intent, or have knowledge thereof, or of facts sufficient to put a prudent person on inquiry; and the burden is upon the party seeking to set the conveyance and transfer aside, to show that the grantee participated in the fraud. In this action the evidence is held insufficient as against the grantee who paid practically full value, to sustain the burden of showing that the plaintiff participated in the alleged fraudulent intent.

*Appeal from Guthrie District Court.*—Hon. J. H. Applegate, Judge.

Monday, October 25, 1909.

Suits to set aside certain deeds and the transfer of

certain shares of bank stock. There was a judgment dismissing the petitions. The plaintiff appeals.—*Affirmed.*

*Sayles & Taylor,* for appellant.

*J. D. Brown, J. E. Batschelet* and *Wilson & Albert,* for appellees.

Sherwin, J.—The plaintiff is the administrator of the estate of Alfred Sheets, and as such administrator brought an action to set aside a deed from Alfred Sheets to M. M. Sheets, and a deed of the same land from M. M. Sheets to W. A. Sheets. The plaintiff also brought another action against M. M. Sheets alone, to set aside the transfer of certain shares of stock in the First National Bank of Lineville, Iowa, for which Alfred Sheets had paid, but which were, in fact, issued to M. M. Sheets. The conveyance of the land and the transfer of the stock were alleged to be fraudulent as to the creditors of Alfred Sheets.

The principal facts are substantially as follows: Alfred Sheets had, for many years prior to the transactions involved herein, been the owner of sixty shares of the capital stock of the Bank of Lineville, and owned said stock at the time of his death. Lineville is in Wayne County, and for some fifteen or more years before his death Alfred Sheets lived in Guthrie County where the defendant M. M. Sheets also resided. The Bank of Lineville became insolvent, and in June, 1904, a receiver was appointed therefor. An assessment of the stockholders became necessary, and on the 22d of September, 1904, the receiver filed in the Wayne District Court an application for an assessment of the stock. Notice of such application was served on Alfred Sheets in Guthrie County on the 23d day of September, 1904, requiring him to appear in the District Court of Wayne County, on the 3d day of October. On the 10th day of October, 1904, the court ordered an assessment of fifty per cent. of

the face value of the stock. Another assessment of fifty per cent. was made later, and this proposed assessment notice was served on Alfred Sheets in Guthrie County on the 1st of March, 1905. On September 14, 1904, Alfred Sheets and his wife conveyed to M. M. Sheets thirty acres of land, for which he paid full value. The payment therefor being made some time in October of the same year, M. M. Sheets conveyed this land to his son and co-defendant in February, 1906, and the two conveyances are the ones sought to be set aside. In October, 1904, M. M. Sheets bought the First National Bank stock of his father, and paid him full value therefor, although a certificate of stock did not issue to M. M. Sheets until November 18, 1904. The trial court found that the conveyance of the land in question and the transfer of the bank stock were made with intent on the part of Alfred Sheets to defraud his creditors. But it was also found that M. M. Sheets did not participate in such fraudulent intent, and that he paid practically the full value of the land and bank stock.

The only question for our determination is whether M. M. Sheets had knowledge of his father's fraudulent intentions and participated therein, or had knowledge of facts that would put a prudent person on inquiry, when he bought and paid for said property. That M. M. Sheets knew that the Bank of Lineville was in financial straits in June, 1904, immediately before the appointment of a receiver therefor, cannot be seriously questioned. That he knew of the appointment of the receiver soon after it was made is also practically undisputed. But he says that he did not know the extent of the bank's liability or its true condition until long after his purchases were made. That when he was at a stockholders' meeting in the bank at Lineville, in May or June, 1904, which was at the time of the organization of the First National Bank by the stockholders in the Bank of Lineville, he understood that $10,000 would straighten out the affairs of the latter bank, and that a note

for said amount had been given by the cashier of the bank. It is not seriously claimed that an assessment of the stock was thought necessary or discussed at that meeting, and there is no evidence tending to show that M. M. Sheets knew anything about the necessity for such an assessment, or that it would be made until notice thereof was served on his father. As we have heretofore said, two assessments were made by the District Court of Wayne County, the first in October, 1904, and the second early in 1906. Notice of the first assessment was served on Alfred Sheets on the 23d of September, 1904, and of the second one on the 1st day of March, 1905.

It is claimed by the appellant that M. M. Sheets knew of the service on his father of the first notice soon after it was made, and before he had paid for the land, and that, because of such knowledge, the District Court erred in its findings. M. M. Sheets lived with his father at the time of all of the transactions involved herein. His father was then past eighty years of age. He was about sixty, and a business man of at least considerable experience. It is strange that he did not learn of the first assessment, but he says that he did not, and that the first knowledge he had of any assessment was when the notice of March, 1905, was served. While some of the circumstances tend to discredit the positive testimony of Mr. Sheets on this subject, we are constrained to hold that they are not of sufficient weight to overcome such testimony. If he paid full value for the property he bought of his father, without knowledge of the true condition of the Bank of Lineville, and without knowledge that his father could be or would be called upon to pay an assessment for the benefit of the creditors of the bank, he should be protected. Under the issues the burden of proof is upon the plaintiff, and we think he has failed in this respect,— *Affirmed.*